IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Darrell Allen Findley, | ) | C/A No.: 1:25-2769-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| South Carolina, Pickens County | ) | |
| Sheriff Department, Pickens | ) | |
| County Detention Center, Pickens | ) | |
| County Public Defenders Office, | ) | |
| Pickens County 13th Circuit, | ) | |
| Anderson County Sheriffs Office, | ) | |
| Anderson County Public Defender, | ) | |
| Anderson-Oconee 10th Circuit, | ) | |
| Oconee County Detention Center, | ) | |
| Oconee County Sheriff Office, | ) | REPORT AND |
| Oconee County Public Defender | ) | RECOMMENDATION |
| Office, Clemson City Jail, Clemson | ) | |
| Police Department, SC Department | ) | |
| of Mental Health, SC Governor | ) | |
| Henry McMaster, United States of | ) | |
| America, Department of Justice, | ) | |
| Tommy Blankinship, Jennifer | ) | |
| Kelly, Hunter West, Tanner | ) | |
| Rhinehart, Shane Brummit, Wald, | ) | |
| Kevin Durham, Lt Tomberlin, | ) | |
| Whitlock, Shove, Adams, B. Gill, | ) | |
| Smith, Hunter, Acre, Unknown | ) | |
| Medical Personel, Jeff Zulike, King, | ) | |
| Harold Pat Welborn, Unknown | ) | |
| Deputies, Unknown Actors, | ) | |
| Unknown Mental Health | ) | |
| Department Representatives for | ) | |
| each SCDC facility, Unknown | ) | |
| SCDC Wardens, Unknown DOJ | ) | |
| Members, SLED Chief, Unknown | ) | |
| Anderson County Sheriff Officers, | ) | |

Anderson County Public Defender    )
Unknown, Unknown 10th Circuit      )
Actors, Oconee County Sheriff      )
Officers Unknown, Oconee County    )
Public     Defender     Unknown,   )
Anderson County Detention Center   )
Staff  Unknown,  Oconee  County    )
Detention    Staff    Unknown,     )
Anderson Sheriff Chad McBride,     )
and Sheriff Oconee Kershaw,        )
                                   )
              Defendants.          )
                                   )
_____    )

Darrell Allen Findley ("Plaintiff"), proceeding pro se and in forma pauperis, filed a second amended complaint pursuant to 42 U.S.C. § 1983, against South Carolina, Pickens County Sheriff Department, Pickens County Detention Center, Pickens County Public Defender's Office, Pickens County 13th Circuit, Anderson County Sheriff's Office, Anderson County Public Defender, Anderson-Oconee 10th Circuit, Oconee County Detention Center, Oconee County Sheriff Office, Oconee County Public Defender Office, Clemson City Jail, Clemson Police Department, SC Department of Mental Health, SC Governor Henry McMaster ("Governor McMaster"), United States of America, Department of Justice, Tommy Blankinship ("Blankinship"), Jennifer Kelly ("Kelly"), Hunter West ("West"), Tanner Rhinehart ("Rhinehart"), Shane Brummit ("Brummit"), Wald, Kevin Durham ("Durham"), Lt Tomberlin ("Toberlin"), Whitlock, Shove, Adams, B. Gill ("Gill"), Smith, Hunter, Acre, Unknown Medical Personel ("Medical Personnel"), Jeff Zulike ("Zulike"), King,

Harold Pat Welborn ("Welborn"), Unknown Deputies, Unknown Actors, Unknown Mental Health Department Representatives for each SCDC facility ("Mental Health Representatives"), Unknown SCDC Wardens, Unknown DOJ Members, State Law Enforcement Division ("SLED") Chief, Unknown Anderson County Sheriff Officers, Anderson County Public Defender Unknown, Unknown 10th Circuit Actors, Oconee County Sheriff Officers Unknown, Oconee County Public Defender Unknown, Anderson County Detention Center Staff Unknown, Oconee County Detention Staff Unknown, Anderson Sheriff Chad McBride ("McBride"), and Sheriff Oconee Kershaw (collectively "Defendants").

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends the district judge dismiss the second amended complaint for failure to follow prior court orders and the Federal Rules of Civil Procedure and under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). The undersigned further recommends the court deny Plaintiff's motion for writs of mandamus and habeas corpus.

I.      Factual and Procedural Background

Plaintiff is a pretrial detainee incarcerated at the Pickens County Detention Center for assault and battery of a high and aggravated nature.

[ECF No. 1 at 2, 12]; *see also* Pickens County Thirteenth Circuit Judicial Index, available at https://publicindex.sccourts.org/Pickens/PublicIndex/PISearch.aspx (search by Last Name: Findley, First Name: Darrell, Case No. 2024A3910100785).[1] In his original complaint, Plaintiff generally alleged Defendants had violated his rights to due process and subjected him to cruel and unusual punishment. [ECF No. 1 at 12].

After reviewing the complaint, the undersigned issued a proper form order notifying Plaintiff he had failed to pay the filing fee, file a motion to proceed in forma pauperis, and provide documents required for issuance and service of process. [ECF No. 5]. The court also issued an order and notice advising Plaintiff that he had failed to state a claim on which relief may be granted. [ECF No. 6].

Plaintiff subsequently filed an amended complaint. [ECF No. 8]. In his amended complaint, Plaintiff generally alleged Defendants violated his rights under the First, Fifth, Sixth, Eighth, Ninth, and Tenth Amendments. *Id.* at 8. Plaintiff's amended complaint appeared frivolous, as he alleged he was the target of a hitman and "subjected to a 'sex parade' every day," referenced "a metaphysical chew class," "similar to a satanic mass" that occurred "on rec

---

[1] A court may take judicial notice of factual information located in postings on government websites. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (court may "properly take judicial notice of matters of public record").

every day," indicated that on April 26, a preacher visited his "Pod to hold a satanic mass while [he] watched from his cell door," and discussed "metaphysical taxation," telepathy, "reverse hypnosis," and several individuals who have faked their deaths. *See generally* ECF Nos. 8, 8-1.

The undersigned issued a second proper form order and a second order and notice on May 14, 2025. [ECF Nos. 13, 14]. The second proper form order advised Plaintiff that the case was not in proper form for service because he had failed to properly complete documents required for issuance and service of process. [ECF No. 13]. The second order and notice warned Plaintiff that his complaint was subject to summary dismissal, as it appeared frivolous and he had failed to comply with Fed. R. Civ. P. 8, to adequately identify the defendants, and to state a § 1983 claim. [ECF No. 14].

Plaintiff subsequently filed a motion for a writ of mandamus. [ECF No. 16].[2] He requested the court declare the state's actions in his pending criminal case violate the Constitution, grant a permanent injunction preventing the state from continuing to violate the Constitution, award him compensatory damages of one thousand dollars a day for each day he has been incarcerated, and order his immediate release. [ECF No. 16 at 1]. The second page was

---

[2] The Clerk of Court presumably filed the motion in the instant case because it references this case number. *See* ECF No. 16 at 3. Plaintiff did not indicate any desire to file it as a separate action and did not pay a separate filing fee or file a separate motion for leave to proceed in forma pauperis.

entitled "Petition of Habeas Corpos § 2241." *Id.* at 2–3. Plaintiff requested this court declare the state court's practices and his attorney have violated the Constitution, issue a permanent injunction preventing the state courts and his attorney from continuing to violate the Constitution, provide equitable relief and compensatory and punitive damages, and order the dismissal of his charges and his immediate release. *Id.* at 3.

On June 10, 2025, Plaintiff filed a second amended complaint and proposed summons and Forms USM-285. [ECF Nos. 18 and 19]. However, Plaintiff did not complete the proposed summons and failed to provide Forms USM-285 for each defendant he named in the second amended complaint. *See id.*

In the second amended complaint, Plaintiff names many defendants in addition to those he named in his original and amended complaints. [ECF No. 18]. He states he is suing pursuant to 42 U.S.C. § 1983 and *Bivens*[3] for violations of freedom of speech under the First Amendment, due process under the Fifth Amendment, rights to counsel and a fair trial under the Sixth Amendment, and rights to be free from cruel and unusual punishment under the Eighth Amendment. *Id.* at 7.

---

[3] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), established that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits.

Plaintiff alleges that in March, Blankinship accepted his formal grievance regarding conspiracy, arbitrary detention, sexual assault, policy violations by staff, and conditions of confinement, but failed to act. *Id.* at 8. He claims Kelly made a false statement, doctored photos, invented a victim, created a nametag with Dollar General employees to use in a photo, created her own warrant, and "murder[ed his] rights." *Id.* at 7, 13. He states West made false statements, invented a victim, and mishandled evidence, causing injury to his rights. *Id.* at 7, 13. He maintains Rhinehart obtained evidence and failed to secure it, never mentioned the "victims name," and stated his picture was picked out of a lineup that was witnessed by Officer Stone, although there was no statement from Officer Stone or video of the lineup in discovery. *Id.* at 7, 13. He indicates Brummit "is legally a party to violation" of his Constitutional rights, as he arrested him before the arrest warrant was issued and claimed he gave him a warrant upon arrival to the jail, although he did not receive a "signed in ink" warrant from a judge until the following day and it was not the same warrant that was included in discovery. *Id.* at 7, 13.

Plaintiff claims he was kept in solitary confinement without light or a change of clothes for most of his first month of incarceration. *Id.* at 13. He complains Gill made false claims three days after he was released from lockdown. *Id.* at 9.

Plaintiff states Shove punished him on December 19, 2024, without a disciplinary hearing and was informed of his informal grievance regarding conspiracy, arbitrary arrest, sexual assault, conditions of confinement, and due process violations within the Thirteenth Circuit. *Id.* He alleges that on December 19, Smith "t[ook] part in or act[ed] as a part[y] to by signing in his proper poerson to false acusation without due process violate injury that civil right." *Id.* at 10 (errors in original).

Plaintiff states that on January 3, 2025, Toberlin "was a 'party to'" his discussion with Durham, and in March, Toberlin accepted his informal grievance regarding conspiracy, sexual assault, arbitrary detention, and conditions of confinement, failed to act, and demonstrated a "vindictive nature [that] became criminal." *Id.* at 9. Plaintiff claims he subsequently engaged in a hunger strike. *Id.* at 13. He states he was kept in solitary confinement, where he was mocked, threatened, ice was thrown at his door, and he had no shower, razor, or change of clothes. *Id.* He alleges that during the second week of March, Adams ejaculated onto his toilet seat while he was handcuffed, cut his water off for a week, and moved him to a cell with floor-to-ceiling feces. *Id.* He claims that in March, Hunter handcuffed him and "took [him] through [an] open dorm where [he] had been threatened twice to cause stress and break mic/headphones while [he was] on rec." *Id.* at 10. He asserts that during the first week of April, Wald accepted his formal and informal grievances

regarding conspiracy, arbitrary detention, and sexual assault and failed to investigate or obtain a warrant, consequently becoming a party to his injury. *Id.* at 9. He claims that in May, Durham accepted his informal complaint of conspiracy, arbitrary detention, and conditions of confinement and received his grievance requesting a "SLED investigation, news coordinator, law library, digital mail access" and failed to provide answers. *Id.* He states that on three occasions in March, April, and May, Acre was told of his accounts of due process violations, conspiracy, confinement conditions, and sexual assault and failed to act. *Id.* at 10. He mentions "exserection in food." *Id.* at 14. He asserts his water was turned off as retaliation for his filings of grievances and court actions. *Id.*

Plaintiff asserts Whitlock denied his Freedom of Information Act ("FOIA") request and requests for access to a law library and a SLED investigator and demonstrated an "attitude" toward him as "if [he was] mentally retarded." *Id.* at 9. He maintains Medical Personnel and Mental Health Representatives were "made aware of all accounts," but did not act and denied him "all normal medical attention (Doctor)." *Id.* He states Zulike "fail[ed] to show for [a] preliminary hearing return [] coraspondences 7 motions and request for investigator & many contact informed of all 'happening' conspiracy, arbitrary detention, sexual assalt, confinment conditions." *Id.* (errors in original). He appears to allege that after he was subjected to three

months of fights and riots that resulted from a "solicitation of murder by family," King talked him into accepting an open plea under the false impression he would receive probation, but he was incarcerated in and transferred to six prisons, attempted suicide once, and was hospitalized once for assault and twice for malnutrition. *Id.* He alleges Welborn denied his FOIA request and left unanswered his motions to dismiss, for mandamus, for habeas corpus, for a change of venue, for relief of counsel, and for an order of protection. *Id.* He states he is suing "Unknown Sheriff Deputys" based on new evidence that presents a challenge to his arrest record. *Id.* He claims he sent an affidavit/complaint to Governor McMaster on May 22 and Governor McMaster failed to take action. *Id.* Plaintiff also appears to indicate that on May 21, the United States, FBI, and Attorney General received a full account of his allegations and failed to answer them. *Id.* at 11.

Plaintiff further alleges the following:

(A) Warrant #2024A3910100785 Violation was conceptuilied at 2505 Wolhala Hwy Pickens SC the morning of 11/1/2024 . . . the accused Assalt & battery high & aggravated acecred 11:17 a volentery statement by "Rebecca E. Morgan" was started by L.H. West and ended at 11:22 at the same time a 11:18 Pickens County form was filed out with Attempted murder as the offence 10/30/24 I was arrested by unknown county officers held for transfer in a parking lot in Senaca picked up by Clemson police held ovenigh with no phone call and transferred to pickens county jail for bench warrent not in Discovery "bonded out" and was arrested again For nerssened warrent warrent 2022 A0410200848 I was arrested by special investigation unit officer Morgan at the Haymount hotel in the parking lot currently ocupiying a room besieged randi Norris hold 20 grams her father had just dropped off as payment for $500

10

used to move from Anderson to Pickens and 2 ounces of mariwana and $5000 investiond searched the car probable cause smell Poss Findley picked the car up 10,000 of new studio equipment was stole from the room and the 5,000 was kept by Anderson County Detention Center I tried to take it to trial after being in solitary for a year and beng sent to Columbia for a "competency" stay "Fit for trial" they gave me time served opon retirn 1983 and bivins were filed during warrants 2017 A3920200333A3920200334A392020033 11/26/2017 work in Clemson homeless picked up on random arrest "clearing there cases" (King incident)
(B warrant #2024A391000785 Pickens County detention Center Nov–May A0420200848 Anderson County detention center A39202000333A3920200334A392000335 the old pickens county Jail.

*Id.* (errors in original).

Plaintiff attached to the second amended complaint a memorandum in which he alleges a vast conspiracy between Bobby E. Morgan, Jr., Pamela Arlean Moss, Randi Nicole Harris, law enforcement, prison staff, and courts that led to him being arrested for various crimes, being assaulted, and having his money and identity stolen and his friends' suicides and commissions of murders and drug and sex trafficking offenses. [ECF No. 18-1].

II.    Discussion

A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss

a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

### B.     Analysis

#### 1.     Failure to Follow Prior Court Orders

The proper form orders specified: "If Plaintiff does not bring this case into proper form within the time permitted by this order, this case may be dismissed for failure to prosecute and failure to comply with a court order under Rule 41 of the Federal Rules of Civil Procedure." [ECF Nos. 5 at 1 and 13 at 1]. Both orders and notices warned: "If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district judge that the case be dismissed without leave for further amendment." [ECF No. 6 at 16 and 14 at 15]. Despite these specific warnings, Plaintiff did not comply with the court's orders to complete documents required for issuance and service of process and to address specific pleading deficiencies.

It is well established that a district court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In addition to its inherent authority, this court may also sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630.

13

Given Plaintiff's failure to follow the court's prior orders and in accordance with Fed. R. Civ. P 41(b), the undersigned recommends the case be dismissed without leave for further amendment.

2.     Failure to Comply with Additional Federal Rules of Civil Procedure

Plaintiff's complaint is also subject to summary dismissal because it does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff was previously warned that his amended complaint was plagued by the same deficiencies, *see* ECF No. 14 at 9–12, but he failed to correct them.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It further provides: "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Rule 10(b) provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).

Plaintiff's complaint is a "shotgun pleading," defined as one that "fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading" or one in which "it is virtually impossible to know which allegations of fact are intended to support which claims for relief." *Sun Trust*

*Mortgage, Inc. v. First Residential Mortg. Servs. Corp.*, C/A No. 3:12-162, 2012 WL 7062086, at *7, 2012 WL 7062086, at *7 (E.D. Va. Sept. 11, 2012). "Not only do pleadings of this sort fail to apprise the opposing party of the particular claims against it (and the potential extent of its liability), they also water down the rights of the parties to have valid claims litigated efficiently and waste scarce judicial resources." *Jackson v. Warning*, C/A No. 15-1233, 2016 WL 7228866, at *4 (D. Md. Dec. 13, 2016) (internal quotation marks, citations, and alterations omitted). "Although pro se filings are generally afforded charitable construction, they are not absolved from the requirements of Rule 8," and "[p]ro se Complaints marred by shotgun pleading, which renders impossible any attempt to decipher which allegations of fact are intended to support which claims for relief warrant dismissal." *McCrea v. Fargo*, C/A No. RDB-18-2490, 2019 WL 2513770, at *7 (D. Md. Jun. 17, 2019) (internal quotation marks omitted).

Furthermore, as with his amended complaint, Plaintiff's second amended complaint is somewhat ambiguous as to who he intends to sue. Pursuant to Fed. R. Civ. P. 10 (a): "Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties . . . ."

Although Plaintiff provided more information regarding the parties in his second amended complaint than he had in his amended complaint, there

15

are still discrepancies between the defendants named in the caption, those identified as defendants in the body of the complaint, and the individuals to whom Plaintiff addressed Forms USM-285. *Compare* ECF No. 18 at 1–2, *with* Tr. at 3–5, *and with* ECF No. 19-1. He failed to allege facts regarding many of the defendants he named in the second amended complaint. *See generally* ECF No. 18. Thus, Plaintiff has provided conflicting information as to who he intends to sue, rendering his complaint subject to summary dismissal pursuant to Fed. R. Civ. P. 10(a).

Because Plaintiff's complaint lacks sufficient clarity to identify the defendants and allow them to frame responsive pleadings, the undersigned recommends it be summarily dismissed for failure to comply with Rules 8(a) and (d) and 10(b).

### 3. Frivolousness

Plaintiff's complaint is also subject to dismissal as frivolous. Section 1915 permits the court to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual allegations are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). "Examples of th[is] class are claims describing fantastic or delusional scenarios . . . ." *Id.* at 328. In *Denton v. Hernandez*, the Supreme Court explained:

> As we stated in *Neitzke,* a court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," 490 U.S., at 327, 109 S.Ct., at 1833, a category encompassing allegations that are "fanciful," *id.,* at 325, 109 S.Ct., at 1831, "fantastic," *id.,* at

> 328, 109 S.Ct., at 1833, and "delusional," *ibid.* As those words
> suggest, a finding of factual frivolousness is appropriate when the
> facts alleged rise to the level of the irrational or the wholly
> incredible, whether or not there are judicially noticeable facts
> available to contradict them.

504 U.S. 25, 32–33 (1992).

Although Plaintiff's claims regarding his placement in solitary confinement, having his water cut off, and being placed in a cell with floor-to-ceiling feces could support an Eighth Amendment violation if plausible, the overall frivolity of Plaintiff's second amended complaint and prior filings undermine these claims. His filings are colored by the fantastic, delusional, and clearly baseless allegations described as frivolous in *Neitzke*. Accordingly, the undersigned recommends Plaintiff's complaint be dismissed as frivolous under § 1915(e)(2)(B)(i).

4.     Failure to State a Claim on Which Relief May Be Granted

Plaintiff's complaint is also subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as he has failed to state a § 1983 or *Bivens* claim on which relief may be granted.

In *Bivens*, the Supreme Court held that a plaintiff may obtain damages for injuries caused by a federal employee acting "under color of his authority" in violation of the plaintiff's Constitutionally-protected rights. Thus, a plaintiff may recover monetary damages in *Bivens* actions brought against federal employees in their individual capacities. Because the United States has not

17

waived its sovereign immunity in such matters, claims for damages brought pursuant to *Bivens* are not actionable against the United States, federal agencies, or public officials acting in their official capacities. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Therefore, Plaintiff has failed to state a *Bivens* claim against the United States of America or the Department of Justice. Plaintiff appears to be attempting to sue Unknown DOJ members based on their failure to respond to correspondence regarding his detention, criminal proceedings, and various conspiracies. Because Unknown DOJ Members' alleged inaction does not support a constitutional violation, Plaintiff has failed to state a *Bivens* claim against them.

Further, a civil action brought pursuant to § 1983 provides a means to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States, but the statute is not a source of substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To state a plausible claim for relief under § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

Plaintiff names several defendants that do not qualify as "persons" under § 1983, as courts have held that inanimate objects such as buildings, facilities, and grounds are not considered a person and do not act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"). The defendants that do not qualify as "persons" include Pickens County Sheriff Department, Pickens County Detention Center, Pickens County Public Defender's Office, Pickens County 13th Circuit, Anderson County Sheriff's Office, Anderson County Public Defender, Anderson-Oconee 10th Circuit, Oconee County Detention Center, Oconee County Sheriff Office, Oconee County Public Defender Office, Clemson City Jail, Clemson Police Department, and SC Department of Mental Health. Accordingly, these defendants are subject to summary dismissal.

Plaintiff has made no specific allegations as to several of the defendants he names in the second amended complaint. A plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution or federal law. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976) (holding a § 1983 plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct):

19

*Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. A review of the second amended complaint shows no specific allegations as to Unknown Actors, Unknown SCDC Wardens, SLED Chief, Anderson County Public Defender Unknown, Unknown 10th Circuit Actors, Oconee County Public Defender Unknown, Anderson County Detention Center Staff Unknown, Oconee County Detention Staff Unknown, McBride, and Sheriff Oconee Kershaw.

Plaintiff has named several defendants the court already warned him were not amenable to suit under § 1983. *See* ECF Nos. 6, 14. The court previously informed Plaintiff that he cannot proceed against Welborn based on quasi-judicial immunity and Zulike, as he is not a state actor. *See* ECF No. 6 at 9–11 and ECF No. 14 at 14. Similarly, Plaintiff is unable to pursue claims against King (his former defense attorney) or any of the public defenders' offices.

Because the Eleventh Amendment bars suits by citizens against non-consenting states brought in either state or federal court, the state of South Carolina and the South Carolina Department of Mental Health are subject to dismissal. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). Such immunity extends to arms of

the state, including a state's agencies, instrumentalities, and employees. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979) (holding that Congress has not abrogated the states' sovereign immunity under § 1983); *see also* S.C. Code Ann. § 15-78-20(e) (stating that South Carolina has not consented to suit in federal district court). Accordingly, the State of South Carolina and South Carolina Department of Mental Health are subject to summary dismissal.

Plaintiff's allegations do not support a finding that the remaining defendants violated his rights under the Constitution or federal law. He claims he informed Governor McMaster, Blankinship, Wald, Durham, Toberlin, and Acre of the presence of a conspiracy, arbitrary detention, sexual assault, policy violations by staff, and conditions of confinement, and they failed to act. These defendants did not violate Plaintiff's constitutional rights by failing to act on his complaints that were mostly clouded by allegations of conspiracies and other frivolity. Plaintiff maintains Medical Personnel and Mental Health Representatives were "made aware of all accounts," but did not act and denied him "all normal medical attention (Doctor)." [ECF No. 18 at 10]. However, as previously noted, the "accounts" of which Plaintiff informed others were often

nonsensical, and Plaintiff has not alleged Medical Personnel and Mental Health Representatives were deliberately indifferent to his serious medical needs, as required to state a claim for violation of his Eighth Amendment rights.

Plaintiff asserts Whitlock denied his FOIA request and requests for access to a law library and a SLED investigator and demonstrated an "attitude" toward him as "if [he was] mentally retarded," but he has not explained, and the undersigned cannot discern, how these actions violated his rights under the Constitution or federal law. Plaintiff's allegation that Adams ejaculated on his toilet seat is disturbing, but Plaintiff has not explained, and the undersigned cannot discern, how this action violates the Constitution or federal law. He claims Hunter handcuffed him and transported him through a dorm where he had previously been threatened and broke his microphone/headphones, but he cites no fact to support his allegation that Hunter broke the item, and Hunter's having handcuffed him and transported him to recreation did not violate Plaintiff's rights under the Constitution or federal law.

Plaintiff states he is suing "Unknown Sheriff Deputys" based on new evidence that presents a challenge to his arrest record. It is unclear whether he is directing these allegations to "Unknown Deputies" alone or against "Unknown Deputies," "Unknown Anderson County Sheriff Officers," and

"Oconee County Sheriff Officers Unknown." Nevertheless, Plaintiff's allegation that new evidence presents a challenge to his arrest record is too conclusory to state a claim for violation of his Constitutional rights.

Plaintiff's allegations against Kelly, West, Rhinehart, Brummit, and Gill are conclusory and frivolous. He essentially argues they fabricated witnesses, evidence, and a warrant and made false statements against him, but he includes nothing more than his fanciful allegations to support these claims. Plaintiff makes the conclusory allegation that Smith signed a false allegation, but he includes no facts to support such a conclusion.

Plaintiff alleges Shove punished him without a disciplinary hearing, but evidence he attached to his amended complaint indicates a disciplinary hearing was held regarding the December 2024 incident. *See* ECF No. 8-2 at 7 (Pickens County Detention Center Inmate Notification of Disciplinary Charges). Therefore, Plaintiff's allegation that he was denied due process is unsubstantiated.

In light of the foregoing, the undersigned further recommends Plaintiff's complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state claim on which relief may be granted.

5.    Motion for Writ of Mandamus and Habeas Corpus

Plaintiff requests this court issue writs of mandamus and habeas corpus directing state actors to take specific actions, refrain from other actions, and

release him from custody. Such motions are not properly brought pursuant to a § 1983 action.

It does not appear this court can grant a motion for a writ of mandamus directing state actors to perform specific functions, as the federal mandamus statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. . . ." *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966); *see also Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988) ("The federal courts have no general power to compel action by state officials. . . ."). This court has explained:

> The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of *its own* jurisdiction. *See* 28 U.S.C. § 1361; *Gurley v. Superior Ct. of Mecklenburg County,* 411 F.2d 586, 587–88 & nn. 2–4 (4th Cir.1969). A federal district court may issue a writ of mandamus only against an employee or official *of the United States.*

> The writ cannot be issued against state officials or employees such as Respondents in this case. *Moye v. Clerk, DeKalb County Sup. Court,* 474 F.2d 1275, 1275–76 (5th Cir.1973) (federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee *of a state* to perform a duty owed to the petitioner); *see also In re Campbell,* 264 F.3d 730, 731 (7th Cir.2001) (same; collecting cases); *In re Carr,* 803 F.2d 1180, 1180 (4th Cir., Oct 24, 1986) (unpublished opinion) (same).

24

*Vaughn v. Solicitor's Off.*, No. CIV.A 8:073923TLWBHH, 2008 WL 4542874, at *2 (D.S.C. Oct. 3, 2008). Therefore, the undersigned recommends the court deny Plaintiff's motion for a writ of mandamus.

Furthermore, the court cannot grant habeas corpus relief in this case. As the court explained in the original order and notice:

> Although incarcerated individuals may pursue relief under both 42 U.S.C. § 1983 and habeas corpus, "habeas corpus is the exclusive remedy for a . . . prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms" of § 1983. *Heck v. Humph*rey, 512 U.S. 477, 481 (1984) (citing *Priester v. Rodriguez*, 411 U.S. 475, 487–90 (1973)). Therefore, the court cannot grant Plaintiff's request for "immediate release" in this § 1983 action.

ECF No. 6 at 8. To the extent Plaintiff intends to pursue a petition for a writ of habeas corpus, he must file his petition as a new case. Therefore, the undersigned recommends the court deny Plaintiff's motion for habeas corpus relief in the context of this case.

III.    Conclusion

Considering the foregoing, the undersigned recommends the court dismiss the second amended complaint without prejudice and without leave for further amendment under Fed. R. Civ. P. 41(b) based on Plaintiff's failure to comply with the court's prior orders and Fed. R. Civ. P. 8 and 10, as well as under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) based on the complaint's frivolousness and failure to state a claim on which relief may be granted. The

undersigned further recommends the court deny Plaintiff's motions for a writ of mandamus and habeas corpus relief [ECF No. 16].

IT IS SO RECOMMENDED.

June 17, 2025
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).